IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| DEMETRIUS WHITE, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 2:14-cv-04194-NKL |
| MIDWEST BLOCK AND BRICK, LLC, | ) ) ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff Demetrius White filed this lawsuit alleging violations of 42 U.S.C. § 1981 and 42 U.S.C. § 2000e *et seq.* arising out of Defendant Midwest Block and Brick's decision not to hire him. Before the Court is Midwest's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 37 and 41. [Doc. 30]. The Motion is granted in part. White's claims against Midwest are dismissed with prejudice. Midwest's request for fees and costs is denied.

**I.    Background**

White, a pro se litigant, filed his complaint in July 2014 alleging employment discrimination based on race. In February 2015, the Court ordered White to provide his email address to the Court and to Midwest or otherwise state that he did not have one by March 13, 2015. [Doc. 16]. White did not respond to this Order.

On March 4, the Parties held their Rule 26(f) conference, meaning that White's initial disclosures were due on March 18. When White did not serve Rule 26 disclosures by March 18, Midwest sent a letter to him on March 30 informing him that the disclosures were overdue and requesting that White supply them by April 4. [Doc. 31-1]. White signed the return receipt on

1

that letter, indicating he received the correspondence. *Id.* White did not serve his Rule 26 disclosures until April 9. [Doc. 25].

On March 16, Midwest served its initial interrogatories and requests for production by U.S. Mail, first-class, postage prepaid. [Doc. 21]. The deadline to respond was April 10, 2015. On March 30, White filed motions for extension of time to respond to Midwest's interrogatories and requests for production. [Docs. 22 & 23]. The motions were granted, and the deadline for White to respond was extended to April 13. [Doc. 24]. The Court stated that no further extensions to those response deadlines would be granted absent extraordinary circumstances. *Id.* White did not respond to Midwest's interrogatories and requests for production by April 13.

On April 16, Midwest sent White a letter detailing deficiencies in his Rule 26 disclosure and informing him that he missed the Court's deadline to respond to Midwest's interrogatories and requests for production. [Doc. 31-2]. Midwest asked White to respond by April 24. *Id.* Tracking information for this letter shows notice was left on April 18 and May 23, but White did not pick up the letter. *Id.*

On April 17, Midwest filed a notice of videotaped deposition of White, scheduled for May 8. [Doc. 26]. On April 24, Midwest re-sent its initial production of documents, the letter detailing White's discovery deficiencies, and its original notice of White's deposition. [Doc. 31-3]. Tracking information for this package shows it was delivered. *Id.*

Also on April 24, Midwest requested a conference with the Court to try to resolve the deficiencies in White's Rule 26 disclosures and because White still had not responded to Midwest's interrogatories and requests for production. The Court set a teleconference for May 1 and ordered the Parties to submit a one-page summary of the discovery dispute. [Doc. 27]. White was also ordered to call the Court's deputy to confirm his availability. *Id.* White did not

2

confirm his availability and did not submit a one-page summary. On May 1, White and Midwest appeared at the teleconference. At the Court's request, White provided an email address and confirmed that he regularly checks his email. [Doc. 28]. White confirmed that he received written notice of the teleconference which required him to confirm his availability and submit a one-page summary. *Id.* The minute entry of that teleconference – which was mailed and emailed to White – states in part:

> The Court ordered Mr. White to: (1) supplement his Rule 26 disclosure by providing a copy and description of all relevant documents required by Rule 26 to Ms. Baggott; (2) supplement his Rule 26 disclosure by providing the address and telephone number, if known, of Rick Black and Mike Willur; (3) supplement his Rule 26 disclosure by providing additional information explaining what information Mike Willur has about the claims in Mr. White's lawsuit and what Mr. White expects Mr. Willur to testify about; and (4) provide complete responses to Defendant's initial interrogatories and requests for production and provide all documents related to his responses to the interrogatories and requests for production. The deadline for Mr. White to complete the tasks above is May 8, 2015. Mr. White should mail his responses and all relevant documents to Ms. Baggott in a manner that can be confirmed (i.e. tracking). Mr. White should also maintain a copy of what he sends to Ms. Baggott. Mr. White confirmed his understanding that he must comply with the Court's Order and that failure to do so may result in dismissal of his case.

*Id.* White did not provide his responses by May 8 as ordered by the Court. As of the date of this Order, White has not complied with the Court's order.

After receiving no response from White regarding Midwest's Notice of Deposition, Midwest emailed White on May 1 and asked him to supply his availability. [Doc. 31-4]. White did not respond, and on May 4, Midwest emailed White again regarding his availability. [Doc. 31-5]. White never responded. On May 6, Midwest filed an amended notice of deposition, scheduled for May 27. White did not respond, and no such deposition occurred.

3

On May 20, Midwest filed this Motion to Dismiss. Midwest mailed and emailed a copy of the Motion to White at the home address and email address he provided to the Court and Midwest. The deadline for White to respond was June 8. [Doc. 30]. White did not respond.

**II.     Discussion**

Midwest moves for dismissal of White's claims pursuant to Federal Rules of Civil Procedure 37 and 41. Federal Rules of Civil Procedure 37(b)(2)(A)(v) and 37(d)(1)(A)(ii) collectively grant a court authority and discretion to dismiss a plaintiff's claims due to his failure to serve answers or objections to interrogatories or to serve a written response to requests for production. Dismissal is also warranted for a failure to obey an order entered under Rule 26(f). Fed.R.Civ.P. 37(b)(2)(A)(v). "Pro se litigants are not excused from complying with court orders or substantive and procedural law." *Farnsworth v. City of Kansas City*, 863 F.2d 33, 34 (8th Cir.1988) (per curiam) (affirming dismissal of pro se civil right plaintiffs case after district court took steps to warn plaintiffs of the consequences of not comply and to ensure plaintiffs understood what was expected of them during the course of discovery). Dismissal of a pro se plaintiff's action for failure to answer interrogatories is warranted under appropriate circumstances. *See Anderson v. Home Insurance Company*, 724 F.2d 82, 84 (8th Cir. 1984) (affirming dismissal of a pro se litigant's complaint with prejudice for failure to comply with the court's discovery order after plaintiff failed to timely answer interrogatories even after the court ordered him to do so). A dismissal with prejudice for failure to comply with discovery rules is an extreme sanction reserved for willful or bad faith default, but deliberate default suffices, which includes failure to respond to discovery requests, even with extensions, and failure to provide full information after a court order. *Id.* (citing *Lorin v. Goto & Co., Ltd.*, 700 F.2d 1202, 1208 (8th Cir. 1983)). Where a court gives meaningful notice of what is expected of pro se

4

litigants, initially imposes less stringent sanctions, and warns them that their failure to comply with subsequent court orders will result in "dismissal of their action," dismissal is proper. *Farnsworth*, 863 F.2d at 34.

An action may also be dismissed pursuant to Rule 41(b) for failure to prosecute or if a plaintiff has failed to comply with any order of the court. *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir.1994) (affirming dismissal where pro se civil rights plaintiff willfully disregarded the court's order allowing defendants to depose him). "Although dismissal with prejudice is a severe sanction, the court may impose such a sanction where the plaintiff has engaged in a pattern of intentional delay." *First Gen. Res. Co. v. Elton Leather Corp.*, 958 F.2d 204, 206 (8th Cir. 1992). A court need not find the plaintiff acted in bad faith, but merely that the plaintiff acted deliberately as opposed to accidentally. *Id.*

White's inaction and disregard of the Court's orders are deliberate and warrant dismissal of his claims with prejudice. White did not timely serve Rule 26 disclosures, and when he did, the disclosures were deficient. White failed to answer or object to Midwest's interrogatories and requests for production and failed to supplement his Rule 26 disclosures despite multiple requests by Midwest and an order by this Court to do so. White has also ignored other orders from this Court including that he provide his email address, confirm his attendance for a teleconference, and submit a one-page summary in preparation for the teleconference. White has also repeatedly ignored Midwest's requests to depose him. Both Midwest and this Court have taken steps to ensure White has received these requests and other notices by sending motions, requests, and orders to both the home address and email address provided by White, who confirmed that he receives mail at his home and regularly checks his email. [Doc. 28]. Further, at the teleconference on May 1, the Court explained White's discovery obligations and warned

5

him that failure to respond to Midwest's discovery requests may result in dismissal of his case. [Doc. 28]. White confirmed his understanding of this consequence but still failed to comply with the Court's order and failed to answer Midwest's discovery requests and requests to depose him. While dismissal with prejudice is a severe sanction, White has engaged in a pattern of deliberate indifference and intentional delay, and it is warranted in this case.

Midwest requests that in addition to dismissing White's claims against it, this Court order White to pay its costs and attorney's fees pursuant to Federal Rules of Civil Procedure 37(b)(2)(C) and 37(d)(3). However, the Court finds dismissal of White's claims to be a sufficient sanction for his noncompliance and declines to also award Midwest its costs and fees. Dismissing White's claims with prejudice is a significant benefit to Midwest and saves it the cost and effort of defending the case going forward.

### III.     Conclusion

For the reasons set forth above, Midwest's Motion to Dismiss is granted in part. White's claims against Midwest are dismissed with prejudice. Midwest's request for fees and costs is denied.

> s/ Nanette K. Laughrey
> NANETTE K. LAUGHREY
> United States District Judge

Dated: June 23, 2015
Jefferson City, Missouri